NOT FOR PUBLICATION                                                                                      CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OAK POINT CAPITAL LLC, | : |
| Plaintiff, | : **Hon. Dennis M. Cavanaugh** |
| v. | : **JUDGMENT ORDER** |
| COAST 2 COAST DEBT SALES, MICHAEL ESPY, MARK WALLS, JOHN DOES (1-10), ABC CORPS. (1-10), *Fictitious Names*, | : Civil Action No. 11-cv-4215 (DMC)(MF) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Plaintiff Oak Point Capital LLC (hereinafter, "Plaintiff," alternatively "Oak Point") filed on September 20, 2011 for default judgment (ECF No. 9) against Defendants Coast 2 Coast Debt Sales ("Coast 2 Coast"), Michael Espy, Mark Walls, John Does (1-10) and ABC Corps. (1-10) (hereinafter, "Defendants"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering all submissions, and based upon the following;

**WHEREAS** Plaintiff's complaint was filed on July 21, 2011 (ECF No. 1) and summons issued as to Coast 2 Coast, Mr. Espy and Mr. Walls on July 28, 2011 (ECF No. 2). Plaintiff certified on August 29, 2011 (ECF No. 6) that the summons was personally served on Coast 2 Coast and Mr. Espy on August 4, 2011 (Pl.'s Cert. ¶ 1-3, Aug. 28, 2011, ECF No. 6.) Defendants neither appeared nor responded. Id.;

**WHEREAS** the Clerk properly entered default as to Coast 2 Coast and Mr. Espy for failure to plead or otherwise defend on August 31, 2011 (ECF No. 8) pursuant to FED.R.CIV.P. 55;

**WHEREAS** Plaintiff asserts that he received an email from Defendant Mr. Walls with a "masked" description of a portfolio (hereinafter, "Portfolio A")[1] and later an offer with assurances to purchase another portfolio (hereinafter, "Portfolio B") which Plaintiff expressly preferred (Pl.'s Compl. ¶ 10, 14 and 19, July 21, 2011, ECF No. 1.);

**WHEREAS** on or about June 15, 2011, Plaintiff and Coast 2 Coast entered into a contractual agreement for Plaintiff to buy $10,000.00 worth of receivables from Portfolio B with a face value of $250,000.00 (Pl.'s Compl. ¶ 19.);

**WHEREAS** Plaintiff states that Defendant fraudulently and intentionally provided Plaintiff with receivables from Portfolio A instead of, as agreed upon, Portfolio B constituting a fraudulent and unlawful practice as defined in N.J.S.A. 56:8-2 (Pl.'s Compl. ¶ 23.);

**WHEREAS** Plaintiff alleges, and this Court agrees, that Plaintiff is liable as such under New Jersey's Consumer Fraud Act codified at N.J.S.A. 56:8-19 and is, therefore, entitled to treble damages pursuant to the same;

**WHEREAS** Defendants have not appeared personally or by a representative in this matter, this Court exercises its authority under Rule 55 to enter judgment against all Defendants;

IT IS on this _3_ day of April, 2012;

**ORDERED** Defendant's motion for default judgment is **granted**;

---

[1] According to Plaintiff's complaint, a "masked" portfolio refers to a file containing information allowing one to conduct due diligence on the portfolio but redacting debtors' identities for their protection. (Pl.'s Compl. ¶ 10, July 21, 2011, ECF No. 1.)

2

**IT IS FURTHER ORDERED** that pursuant to this judgment Plaintiff is entitled to treble damages, but not lost profits, totaling $30,000.00;

**AND** attorneys' fees, according to counsel's certification, in an amount totaling $9,999.99.

                                                             Dennis M. Cavanaugh, U.S.D.J.

| Original: | Clerk's Office |
|---|---|
| cc: | Hon. Mark Falk, U.S.M.J. |
| | All Counsel of Record |
| | File |